UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-02779-WLH-DSR | Date | May 29, 2026 |
|---|---|---|---|
| Title | *Yeimer Yujaner Orjuela Galindo v. Warden et al* | | |

Present: The Honorable   WESLEY L. HSU, United States District Judge

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER RE EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [2]**

The Court is in receipt of Petitioner Yeimer Yujaner Orjuela Galindo's *Ex Parte* Application for Temporary Restraining Order (the "Application").  (Application, Dkt. No. 2).  Because Respondents do not contest the merits of the Application (*see* Response, Dkt. No. 7 at 2), the Court considers the Application effectively unopposed.  For the reasons set forth below, the Court **GRANTS** Petitioner's Application.

I.     **BACKGROUND**

Petitioner (A# 243-156-896) is a foreign national of Columbia who entered the United States on or about November 8, 2022, under parole status.  (Application at 5; *see also* Declaration of Yeimer Yujaner Orjuela Galindo ("Galindo Decl.") in Support of Application, Dkt. No. 2 ¶ 3).  Petitioner has lived and worked in California since his release on parole.  (Galindo Decl. ¶¶ 5, 9).  He has filed United States federal income tax returns and paid taxes to the United States Treasury.  (*Id.*).  Petitioner has no criminal history in the United States.  (*Id.* ¶ 4).

On May 4, 2026, Petitioner was detained at a routine immigration check-in appointment by immigration authorities and transferred to the Adelanto ICE Processing

CIVIL MINUTES - GENERAL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Center. (*Id.* ¶ 7). Prior to, and since his detention, Petitioner has not received an individualized custody determination or bond hearing that considers his legal parole status. (*Id.* ¶ 8).

On May 22, 2026, Petitioner filed a petition in this Court seeking a writ of habeas corpus (the "Habeas Petition"). (*See generally* Habeas Petition, Dkt. No. 1). Petitioner filed the instant Application arguing his continued detention without an individualized custody determination or bond hearing, among other legal infirmities, violates his due process rights under the Fifth Amendment. (*See generally* Application). Petitioner asks the Court to enjoin Respondents from (1) removing, transferring or relocating Petitioner outside the jurisdiction of the Central District of California and (2) order Respondents to either immediately release Petitioner on appropriate conditions of supervision, or provide Petitioner with a constitutionally adequate bond hearing within fourteen (14) days. (*Id.* at 4).

## II.    DISCUSSION

The INA permits that, "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b). Under Section 212.5(e) written notice of the termination of parole is required except where the immigrant has departed or when the specified period of parole has expired. *See* 8 C.F.R. § 212.5(e). Section 212.5(e)(2)(i) states "parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole." 8 C.F.R. § 212(e)(2)(i).

Based on the undisputed facts in this case, none of these provisions permit Respondents to revoke Petitioner's parole status without process. Because Petitioner has established that: (1) he is likely to succeed on the merits for the reasons stated in the Application; (2) he is likely to suffer irreparable harm in the absence of preliminary relief

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

as demonstrated by his continued illegal detention; and (3) the balance of equities tips in his favor such that an injunction is in the public interest, the Court **GRANTS** Petitioner's Application. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (explaining the four factors that courts apply in evaluating TROs and preliminary injunctions: (1) likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest).

III.   **CONCLUSION**

Accordingly, the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to immediately release Petitioner (A# 243-156-896) from detention. Respondents must file a Notice of Release within three (3) days of this Order confirming Petitioner has been released from custody;

2. Respondents are **ENJOINED** from continuing to detain Petitioner, or placing any new restriction on Petitioner's liberty such as electronic monitoring, unless he is provided with an individualized bond hearing (with reasonable notice and opportunity to prepare) before an immigration judge pursuant to 8 U.S.C. § 1226(a);

3. Petitioner is not required to secure a bond, as the government has provided no evidence of costs it will incur in releasing Petitioner. *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003);

4. Respondents are **ENJOINED** from relocating Petitioner outside of the Central District of California pending final resolution of this matter;

//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

5.  Respondents are **ORDERED** to show cause in writing no later than five (5) days
    from the date of this Order why the Court should not adopt this Order as the final
    judgment of the case.  A hearing on the Order to Show Cause is scheduled for
    **June 10, 2026, at 1:30 p.m.**

    **IT IS SO ORDERED.**